**FILED- LN**
July 22, 2024 11:13 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: eod  scanned by: ___ ___

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN**

IN RE
DAVID ANGEL SIFUENTES III,
                              Plaintiff,          CASE NO.

1:24-cv-742
Robert J. Jonker
U.S. District Judge

HON.

_____/

## PETITION FOR WRIT OF MANDAMUS AND INJUNCTIVE RELIEF

To: Robert J. Jonker, District Judge

Paul L. Maloney, District Judge

Janet T. Neff, District Judge

Jane A Beckering, District Judge

   David Angel Sifuentes III, a citizen of Michigan and a pro se litigant in federal court, petitions this court for a writ of mandamus and for injunctive relief directing the United States District Court for the Western District of Michigan to vacate its order's and cases placing pre-filing requirements, and restricted filer status as unconstitutional requiring him to be pre-screed on any of his new and existing complaints, also that the Western District Local Rule 73.2 withholding magistrate consent or declination and issuing reference orders directing the Magistrates to preside over the matters without for asking the parties to consent as unconstitutional and discriminatory also that continuing to place Magistrate Judges over habeas petitioners claim despite consent to a district judge or for any matter unconstitutional and violates the separation of law powers and failure to provide additional notice of petitioner to consent or decline magistrate judge habeas jurisdiction which violates due process of law and is discriminatory, denies the right to a trial by automatically placing magistrate judge referral jurisdiction without further notice and requirement of having parties turn in forms under 28 U.S.C. 636(c). Petitioner seeks to vacate all cases and sanctions as unconstitutional for withholding and automatically placing petitioner in referral status by failure to provide consent forms and for not notifying of

the consent or declination requirement and continuing to place his habeas case on referral status, the pre-filing status of any new civil actions or motions in that court and to lift sanctions imposed by the District Court. Petitioner argues that the order is unconstitutional because it infringes on his right of access to the courts, discriminates against him based on his status as an indigent and a pro se litigant, and imposes an unreasonable and arbitrary burden on him without due process of law. Petitioner asserts that he did not intend to harass anyone or file vexatious or duplicative motions, and that none of the defendants in his previous cases were served or prejudiced by his filings and all though he still files pleadings in this Court he is seeking to remove the sanctions placed by the Court. Petitioner claims that the district court's sanctions were based on sua sponte screening of his complaints, withholding Magistrate consent and never giving plaintiff an opportunity to consent or decline and placing orders of referral on all matters without first seeking consent or declination and that the practice of the Courts local rule of 73.2 is unconstitutional and motions without giving him an opportunity to respond or present his case in court.

   The district court erred by sua sponte screening his complaint under the in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and dismissing it as frivolous, malicious, or failing to state a claim. This action violated petitioners' right to equal protection, due process, a jury trial and separation of powers doctrine under the Constitution.


ARGUMENT


The in forma pauperis statute, 28 U.S.C. § 1915, allows a litigant to proceed without prepayment of fees and costs if he or she files an affidavit demonstrating inability to pay. However, the statute also provides that the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Petitioner contends that this provision violates the equal protection clause of the Fourteenth Amendment, which prohibits the government from treating similarly situated persons differently without a rational basis. The Supreme Court has recognized that access to the courts is a fundamental right, and that indigent litigants are entitled to meaningful access to the judicial

system. See *Bounds v. Smith, 430 U.S. 817, 821-22 (1977)*. The in forma pauperis statute, however, discriminates against indigent litigants by subjecting them to a heightened and mandatory screening standard that does not apply to litigants who can afford to pay the filing fee. This disparate treatment is not rationally related to any legitimate governmental interest, but rather serves to deter and discourage indigent litigants from pursuing their claims in federal court. See *Neitzke v. Williams, 490 U.S. 319, 327 (1989)* (noting that the purpose of the in forma pauperis statute is to discourage the filing of meritless lawsuits).

Petitioner also argues that the sua sponte screening and dismissal of his complaint under the in forma pauperis statute violated his right to due process of law under the Fifth Amendment, which guarantees a fair opportunity to present one's case and be heard by an impartial decision-maker. See *Mathews v. Eldridge, 424 U.S. 319, 333 (1976)*. The District Court did not give an opportunity to be heard before the sanctions without affording him any procedural safeguards, the district court deprived petitioner of his right to due process.

This Courts local rule of W.D. L.R. 73.2 is unconstitutional, this Court cannot withhold consent or still place Magistrate jurisdiction without proving an opportunity to consent or decline, The Supreme Court has clearly established the necessity of consent under subsection (c)of the Magistrate Judges Act, superseding any conflict law. There is no waiver to this if no party consents than the case must be assigned to a district judge without a magistrate having jurisdiction. The right cannot be waived, and the Court has a responsibility to remind the parties of consent and declination by law, *United States v. Wey, 895 F.2d 429 (6th Cir. 1990)*, Petitioner had a due process right to go before a district judge even without turning in the consent or declination form in his habeas case of *Sifuentes v. Prelesnik, Case no. 1:03-cv-637*, this Court had a responsibility to reassign his habeas case to a district judge only and petitioner never knowingly or intelligently waive this requirement, as the Court did not continue to remind the parties and even though non form may have not been turned in both parties had to submit forms and since petitioner did not submit a form the case should of continued with district judge not a magistrate, as 636(c) requires that both parties must agree by writing and signed forms to consent. *Gomez v. United States, 490 U.S. 858 (1989)*.

Constitutional rights cannot be waived unless done knowingly and intelligently. *People v. Leonard, 224 Mich. App. 569 (1997)*. Petitioner has a constitutional right to go before an Article III Judge and if both parties do not agree than the Court must reassign the matter to a district

3

judge. *Roell v. Withrow, 538 U.S. 580 (2003)*. Petitioner did not provide any implied consent either because in habeas cases a magistrate Judge still resides and issues report and recommendation even with consent under the local rules for habeas applicants. W.D.L.R. 72.2 is unconstitutional as it places a Magistrate on the case for reference despite any declination intill the end of the case. This rule violates the separation of law powers is discrimination and denies the equal protection of the law. Because petitioner in his habeas matter did not knowingly or waive his right to consent or declination by asking a question for the Court about the letter which the court failed to remind him about and discuss and even the Court did petitioner would of declined consent he still would have been referred by force which violates Petitioners due process rights to a article III judge and violates the separation of powers by still placing a magistrate judge on reference in violation of 636(c) which requires both parties consent. Petitioner could not imply consent because he had no choice but to be before a magistrate.

Petitioner argues that the automatic referral and placement on habeas cases and all of civil cases to Magistrate Judges under W.D. Mich. Local Rules 72.2 and 73.2 violates the separation of powers doctrine and Article III of the U.S. Constitution. This delegation of judicial authority, without the parties' consent, impermissibly allows Magistrate Judges to preside over cases that should be heard by Article III Judges. This practice is inconsistent with the holding in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), where the Supreme Court held that certain core judicial functions cannot be delegated to non-Article III judges.

Petitioner asserts that the automatic referral process deprives litigants of their constitutional right to a jury trial before an Article III judge. This contention aligns with the principle established in *Gomez v. United States*, 490 U.S. 858 (1989), which emphasizes that the right to a jury trial is a fundamental constitutional guarantee. Also the Supreme Court has ruled that in civil cases litigants have a constitutional right to a jury trial. in *SEC v. Jarkesy, Case No. 22-859 (U.S. Supreme Court, June 27, 2024)*.

Placing magistrate judges on petitioners habeas corpus case violates the due process right to a jury trial as a habeas petitioner has a right to have a retrial if there habeas claims are successful. The automatic in-house screening of automatic referral violates the constitution and deprives petitioner his sixth amendment right to an award of a jury trial if petition is granted. *Davenport v. MacLaren, 964 F.3d 448 (6th Cir. 2020)*.

4

The mandatory referral under the local rules contradicts the requirements of 28 U.S.C. § 636(c). This statute necessitates the consent of all parties for a Magistrate Judge to conduct proceedings and enter a final judgment in a civil case.

Petitioner challenges the screening process for in forma pauperis (IFP) complaints under 28 U.S.C. § 1915(e)(2), arguing that it violates due process and equal protection rights. This contention is supported by case law like *Neitzke v. Williams*, 490 U.S. 319 (1989), which suggests that IFP complaints should not be dismissed without providing the plaintiff an opportunity to amend or respond to deficiencies. Also the practice of screening deprives the plaintiff from exercising his right to a jury trial and guaranteed by the constitution.

The screening process is unconstitutional and discriminatory as applied to non-prisoner and prisoner litigants alike where paying litigants do not get screened. *Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999).* "One must be aware that the Constitution forbids sophisticated as well as simple minded modes of discrimination." *Lane v. Wilson, 307 U.S. 368 (1951); Gomillion v. Lightfoot, 364 U.S. 339 (1960).* Here the application is used for discriminatory purposes to single out poor people and prisoners for any reason a Judge may see fit and gives the Judge the ability to bar plaintiff's from proceeding in Court by barring them under an unconstitutional means of suppressing constitutional right to access to courts and equal protection of the law. The Judge simple finds procedural reason's and becomes both Judge and Jury by the sua sponte review and denial of the assertion of constitutional rights. Here Petitioner is being treated differently than any other litigant and the equal protection clause essentially requires that all persons similarly situated be treated alike, and equal protection violation occurs when government treats someone differently than another who is similarly situated. *Jacobs v. Visonsi & Jacobs Co. v. City of Lawrence, KS, 927 F.2d 1111 (10th Cir. 1991);City of Cleburne v. Celburne Living Center, 473 U.S. 42 (1985).* Without an opportunity to amend provide additional facts and being placed on restricted filer status and enjoined filer status this is due to the unconstitutional screening process of sua sponte dismissal under 1915(2)(e) application to Petitioner  should be vacated and set aside and the Court should no longer apply 1915(2)(e) to his complaints

Labeling a litigant as a restricted filer infringes upon their constitutional right to access the courts, as protected by the First Amendment and the Due Process Clause of the Fourteenth Amendment. This is particularly true for indigent litigants who are subject to forma pauperis

5

screening, which can be seen as discriminatory and a violation of their right to a trial in civil matters.

The use of being unconstitutionally labeled as a serial filer, restricted filer violates Petitioners right to have a fair trial. These remarks or unconstitutional and discriminatory by violating Petitioner right to seek redress and to have a fair trial guaranteed by due process of law to have a fair-minded impartial Judge and Jury without prejudice. Here the practice of this Court and unconstitutionally labeling petitioner a serial filer, a restricted filer, and his habeas case he has been restricted on and mentioning how many cases he has filed shows the judge is impartial and cannot be fair as he agrees in that respect and lacks the ability to be fair to Petitioner the comments have nothing to do with the merits of the complaint. Certain Courtroom practices are so inherently prejudicial that they deprive a person of a fair trial". *Carey v. Musladin, 549 U.S. 70 (2006)*. The comments made by this Court concerning Petitioner being labeled a serial filer of lawsuits in the Court and subject to filing restrictions infringe upon Petitioner's first amendment rights, to petition the government for a redress of grievance. The comments are not necessary and have nothing to do with the merits of this case. The comments or irrelevant discriminatory that is treating Petitioner differently in this matter as to inflame prejudice to this matter. The Comments may call into question the judge's fairness and impartiality in this matter.

The comments may prejudice the case, a Judge leaving these comments on public record do nothing more but to inflame prejudice in the public eye against Petitioner and question the judges fairness in this matter. This Court took a Constitutional Oath to refrain from being impartial or unfair, *28 U.S.C. § 453*. The Comments violate that Oath, and the court should strike its comments and refrain from using such irrelevant comments to this case.

Therefore, this Court should prohibit the use of being labeled a serial filer, a restricted filer, enjoined filer, and his habeas case he has been restricted on.

The Court's decision to uphold the Plaintiff's restricted filer status infringes upon the separation of powers doctrine. The Court's sua sponte screening of the Plaintiff's pleadings, rather than allowing the defendants to respond, oversteps the judicial role.

The Court should consider that no litigants have been served with the complaints, and in some cases, no defendants have appeared. The reasons for the restrictions were based on the Court's own screening, not the defendants' responses.

6

The restricted filer status and enjoined filer status should only be considered after summons, responsive pleadings, and termination of the case to evaluate the frivolousness of the entire matter. Screening before the litigation even begins is premature and punishes the Plaintiff without due process.

The Plaintiff has the right to present his entire case with discovery, even if some of the claims are without merit. The Plaintiff still had the option of presenting new issues, amending his complaint, and withdrawing claims and the complaint if subject to penalties under due process of law.

The Plaintiff asserts that any duplicative pleadings were not meant to harass but were attempts to present his case to the best of his ability. The Plaintiff means no disrespect to the Court and seeks to have his restricted filer status and all cases vacated as unconstitutional and all sanctions in all cases removed. The fact that Petitioner keeps filing should not be reason to keep sanctioning him because he is seeking t enforce his constitutional rights and no intent to harass the court and even if some case are duplicative petitioner is seeking got have all the cases the duplicative vacated as unconstitutional. The Supreme Court has established that a litigant should not be punished for exercising their constitutional rights. *NAACP v. Button, 371 U.S. 415 (1963).* Unconstitutional screening: The plaintiff asserts that this Courts screening process of Plaintiffs claims is unconstitutional, is discrimination from those who can pay, also denies the right to a jury trial.

The pre-filing restrictions denies the right to be heard under the fifth amendment and under the fourteenth amendment due process clause to equal protection of the law and the right to a jury trial. Also infringes on petitioners first amendment right to redress.

Finally, petitioner asserts that the sua sponte screening and dismissal of his complaint under the in forma pauperis statute violated his right to a jury trial under the Seventh Amendment, which preserves the right to a jury trial in suits at common law where the amount in controversy exceeds twenty dollars. See U.S. Const. amend. VII. The district court dismissed petitioner's complaint on the merits, effectively resolving factual and legal issues that should have been submitted to a jury. See *Denton v. Hernandez, 504 U.S. 25, 34 (1992)* (stating that a dismissal for frivolousness under the in forma pauperis statute is a judgment on the merits). The district court

usurped the role of the jury by making credibility determinations and weighing the evidence without giving petitioner a chance to present his case to a jury of his peers. See id. at 35 (Scalia, J., dissenting) (criticizing the in forma pauperis statute as "a device for depriving poor people of their right to trial by jury"). By denying petitioner his right to a jury trial, the district court violated the Seventh Amendment.

Furthermore, petitioner contends that the district court abused its discretion by applying the in forma pauperis statute to his complaint without any basis or authority. The statute explicitly states that it applies to prisoners who bring civil actions or appeals in federal courts, and petitioner is not a prisoner. See 28 U.S.C. § 1915(a)(1), (h). The district court did not explain why it treated petitioner as a prisoner or why it invoked the statute in this case. By doing so, the district court violated the separation of powers principle and usurped the role of Congress, which enacted the statute to address the problem of frivolous lawsuits filed by prisoners. See *Woodford v. Ngo, 548 U.S. 81, 94 (2006)*. Moreover, the district court's sua sponte screening of petitioner's complaint under the in forma pauperis statute discriminated against him based on his economic status and deprived him of his right to access the courts on equal terms with other litigants. See *M.L.B. v. S.L.J., 519 U.S. 102, 120 (1996)*. Petitioner submits that the district court's unilateral and arbitrary application of the statute to his complaint was unconstitutional and warrants reversal.

Although previous cases have been voluntarily dismissed on appeal and denied. Petitioners is not precluded from filing a writ of mandamus and injunctive relief. Collateral estoppel requires a final judgment on the merits of the issue sought to be precluded, but there was no such judgment in this case. Plaintiff appealed the filing restriction order, but did not pursue his appeal after the Sixth Circuit denied his motion to proceed in forma pauperis. Plaintiff's voluntary dismissal of his appeal did not constitute an adjudication on the merits of his constitutional challenges to the filing restriction order. See Fed. R. App. P. 42(b) ("[A]n appellant's motion to dismiss . . . ends the action as to that appellant unless a court order states otherwise."); see *also In re Smith, 966 F.2d 1527, 1532 (7th Cir. 1992)* ("[W]hen an appeal is dismissed voluntarily, it has no preclusive effect."). Therefore, Plaintiff is not collaterally estopped from raising his constitutional claims in this petition.

8

CONCLUSION

For the foregoing reasons, petitioner respectfully requests that this court grant the writ of mandamus and injunctive relief issue a permanent injunction banning screening and a consent or declination form in the beginning of new complaints, declare the practice of withholding and forced reference to magistrate judges jurisdiction unconstitutional and the forma pauperis screening process constitutional and vacate all of the following cases and sanctions and vacate all refence of magistrate Judges reference in pending cases as unconstitutional:

1.) *Sifuentes v. Dave Inc., Case No. 1:23-cv-00984*

2.) *Sifuentes v. Dave Inc., Case No. 1:22-cv-01194*

3.) *Sifuentes v. Twitter Inc., 1:23-cv-00981*

4.) *Sifuentes v. Twitter Inc., 1:22-cv-001128*

5.) *Sifuentes v. Pluto TV, Case no. 1:23-cv-00101*

6.) *Sifuentes V. Pluto TV, Case no. 1:23-cv-01013*

7.) *Sifuentes v. TruthFinder, Case no. 1:23-cv-00187*

8.) *Sifuentes v. Aptoide, Case no. 1:22-cv-01203*

9.) *Sifuentes v. Zoosk, Inc., Case no. 1:22-cv-001170*

10.) *Sifuentes v. Avvo, Case no. 1:22-cv-01201*

11.) *Sifuentes v. Slickwraps, Case no. 1:22-cv-001142*

12.) *Sifuentes v. Adobe, Case no. 1:23-cv-00143*

13.) *Sifuentes v. Laser Access LLC, Case no. 1:23-cv-00144*

14.) *Sifuentes v. Prelesnik, Case no. 1:03-cv-637*

15.) *Sifuentes v. Adobe, Case no. 1:23-cv-00842*

16.) *Sifuentes v. Christian Brothers Automotive, 1:23-cv-00904*

17.) *Sifuentes v. United Brothers of Carpenters and Joiner of America et al, Case no. 1:23-cv-01216*

18.) *Sifuentes v. At&t, Case No. 1:23-cv-00834*

Respectfully submitted,

By:_____

Petitoner In Pro Se
David Angel Sifuentes III
439 More St. NE
Grand Rapids, MI 49503
(616)283-5215
davidsifuentes61@yahoo.com

DATED: July 18, 2024

David Angel SIfuentesz22
439  More off  NE unit2
Grand Rapids, MI  49503

Clerk
113 Fe
315 w
Laroth





Retail

U.S. POSTAGE PAID
FCM LG ENV
GRAND RAPIDS, MI 49504
JUL 19, 2024

48933

$2.59

R2304H109674-84

RDC 99

...eral Bldg
...Allegan St
...g, MI 48933